THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE WALLIN, | CASE NO. C11-2165-JCC |
| Petitioner, | ORDER |
| v. | |
| DONALD HOLBROOK, | |
| Respondent. | |

This matter comes before the Court on Petitioner's objections (Dkt. No. 19) to the Report and Recommendation of the Honorable Mary Alice Theiler, which denied Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus (Dkt. No. 18). The Court, having carefully considered Petitioner's amended petition, the Report and Recommendation and Petitioner's objections thereto, the governing authorities, and the balance of the record, hereby ADOPTS the Report and Recommendation for the reasons explained below.

**I.     INTRODUCTION**

Petitioner Jamie Wallin is incarcerated at the Washington State Penitentiary in Walla Walla, Washington, pursuant to a 2007 conviction on four counts of sexual exploitation of a minor, one count of attempted sexual exploitation of a minor, three counts of communication with a minor for immoral purposes, and three counts of child molestation in the first degree. (Dkt. No. 18 at 1.) Because the parties are familiar with the facts of this case, which are set out in

Judge Theiler's Report and Recommendation, the Court declines to recount them in detail. (*See* Dkt. No. 18 at 2–7.)

On appeal, Mr. Wallin's conviction was affirmed by the Washington Court of Appeals, and the Washington Supreme Court denied review. (*Id.* at 8.) Mr. Wallin then filed an unsuccessful personal restraint petition at the Washington Court of Appeals, which the state supreme court declined to review. (*Id.* at 8–9.) Having exhausted his state remedies, Mr. Wallin now brings this § 2254 petition on the following grounds:

> 1) Was the State court's decision to admit inadmissible testimonial hearsay statements made by complainant child witnesses who were erroneously deemed competent to testify and whose statements were unreliable under state statute, contrary to or an unreasonable application of clearly established federal law as contained in *Crawford v. Washington*?
>
> 2) Was the State court's decision to admit evidence of photographs of children's feet which were unrelated to, and had nothing to do with the present case, and which were inadmissible under Evidence Rule 404(b) as they were not relevant to any non-propensity purpose and were more prejudicial than probative, contrary to or an unreasonable application of clearly established federal law as contained in *Michelson v. United States*?
>
> 3) Was the State court's rejection of a due process challenge to insufficiency of the evidence at trial when the record shows that the State failed to prove all of the elements of the charges on the relevant counts beyond a reasonable doubt, contrary to or an unreasonable application of clearly established federal law as contained in *In re Winship* and *Jackson v. Virginia*?

(*Id.* at 9.)

Judge Theiler addressed each of the grounds for relief, finding that 1) because the state determined the child witnesses were competent to testify, there was no Confrontation Clause violation; 2) the state's ruling on admissibility of the photographic evidence did not violate any clearly established federal law; and 3) on all eleven counts, a rational trier of fact could have found the essential elements of each crime beyond a reasonable doubt based upon the evidence presented at trial. (*Id.* at 17, 18–19, 23.)

Mr. Wallin now raises five objections to the Report and Recommendation, to which the

ORDER
PAGE - 2

Government has responded (Dkt. No. 20). Because the Court finds that Mr. Wallin's objections do not raise a legitimate challenge to Judge Theiler's conclusions under the proper standard of review, the Court adopts the Report and Recommendation and denies his § 2254 petition. Mr. Wallin's objections are addressed below.

## II.   DISCUSSION

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id*. Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

### A.   Legal standard for § 2254 proceedings.

When a petitioner is in custody pursuant to a state-court conviction, he faces a high burden to invoke the remedy of habeas corpus through the federal courts. *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003); *see* 28 U.S.C. § 2254(d)(1). A federal court may only grant an application for writ of habeas corpus when it finds that the state court adjudication on the merits:

a) was contrary to clearly established federal law as determined by the United States Supreme Court (28 U.S.C. § 2254(d)); or

b) was an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court (28 U.S.C. §

2254(d); *Lockyer*, 538 U.S. at 69); or

c) was based on an unreasonable determination of the facts in light of the evidence presented to the state court; provided, however, that the state court's determination of the facts are presumed correct unless the petitioner presents clear and convincing evidence to rebut that presumption (28 U.S.C. §§ 2254(d), (e)(1)).

This is the standard under which the Court conducts its *de novo* review of the specific written objections properly presented by the Petitioner.

**B.     Petitioner's First Objection**

Mr. Wallin first objects that Judge Theiler did not "conduct[] an independant [sic] review and analysis," but instead "reli[ed] on previous [state] court opinions and rulings" as a basis for denying his grounds for relief regarding witness incompetence and insufficiency of the evidence. (Dkt. No. 19 at 1.) Petitioner's objection, however, is misplaced. Because witness competence and sufficiency of the evidence are matters that involve determination of facts by the state courts, this Court need not conduct an "independent" review and analysis of those issues.

As explained above, a state court's determination of facts—which are ascertained by analyzing state court records, as the Report and Recommendation carefully does—are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). It is Petitioner's burden to produce such evidence, and, as Judge Theiler correctly observes, Mr. Wallin has failed to do so. Rather, Mr. Wallin offers alternative interpretations of state law, which are not addressed by this Court because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**C.     Petitioner's Second Objection**

Secondly, Mr. Wallin argues that his version of the facts was not considered "as a whole under the proper legal standard" along with the trial testimony. (Dkt. No. 19 at 2.) Mr. Wallin misunderstands the "proper legal standard" applied in habeas proceedings. Contrary to his assertion, it is not within the purview of this Court to "examine all contrary and conflicting facts"

argued in a habeas petition. (*Id.*) As explained above, absent clear and convincing evidence rebutting the presumed accuracy of the facts as determined by the state court, this Court may only consider whether the state court's decision based upon those facts "was contrary to or involved an unreasonable application of clearly established federal law." 28 U.S.C. §§ 2254(d)(1), (e)(1). The Court agrees with Judge Theiler that such was not the case, and Mr. Wallin has pointed to nothing specific that gives this Court reason to question that conclusion.

### D. Petitioner's Third, Fourth, and Fifth Objections

Mr. Wallin's third objection alleges "misinterpretation and misapplication of statutory and decisional law" and draws attention to pages eleven through twenty-eight of Judge Theiler's Report and Recommendation, which comprise the entire analysis of Mr. Wallin's grounds for relief. While the Court need not consider this vague objection, it has nonetheless reviewed Judge Theiler's thorough legal analysis, and finds it to be appropriate in light of controlling law.

Mr. Wallin's final objections express his disagreement with Judge Theiler's opinion that he failed to present evidence to support his claims and with her recommendation that his petition be denied. However, Mr. Wallin's response essentially reasserts his previously stated arguments and does not constitute a valid "objection" for the Court's review. *See*, *e.g.*, *Sullivan v. Schriro*, No. C04-1517, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006) (holding that the Court was "relieved of any obligation to review the R&R" because the petitioner "made no effective objection" where his objections merely reargued his original petition). While Petitioner clearly disagrees with Judge Theiler's conclusions, his response contains no discussion of relevant law and ultimately fails to cast any doubt on the Judge Theiler's sound reasoning.

## III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1) The Report and Recommendation (Dkt. No. 18) is ADOPTED;
2) Petitioner's amended § 2254 motion (Dkt. No. 8) is DENIED and this matter is DISMISSED with prejudice;

3) As Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), Petitioner is DENIED issuance of a certificate of appealability;

4) The Clerk is directed to send a copy of this Order to Petitioner, all counsel of record, and Judge Theiler.

DATED this 9th day of October 2012.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE